**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

NATASHA C.,

                Plaintiff,

   v.                                                6:21-CV-1237
                                                        (TJM/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

OFFICE OF PETER W. ANTONOWICZ     PETER W. ANTONOWICZ, ESQ.
Attorney for Plaintiff
148 West Dominick Street
Rome, New York 13440

U.S. SOCIAL SECURITY ADMIN.           MOLLY CARTER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART
United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 14. For the

1

reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND.

### A. Factual Background

Plaintiff was born in 1972. Dkt. No. 8, Admin. Tr. ("Tr."), p. 70. She has a college education with an associate's degree in humanities and social sciences and a bachelor's degree in science. Tr. at p. 41. She has past work experience as a teacher, a tutor, and a daycare provider. *Id.* Plaintiff alleges disability based upon fibromyalgia, diabetes type II, depression, anxiety, chronic migraines, chronic fatigue, arthritis in her knees, neck, and shoulders, chronic lower back pain, irritable bowel syndrome, and "fundus flavimaculatus/Stargardt disease." Tr. at pp. 70-71.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in September 2019. Tr. at p. 70. She alleged a disability onset date of January 15, 2014. *Id.* Plaintiff's application was initially denied on December 19, 2019, Tr. at pp. 140-144, and upon reconsideration on July 29, 2020. Tr. at pp. 151-154. Following that denial, she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 159-161. Plaintiff appeared at a hearing before ALJ Kenneth Theurer on December 16, 2020, at which Plaintiff and a vocational expert ("VE") testified. Tr. at pp. 35-69. On January 28, 2021, the ALJ issued a written decision finding Plaintiff was not disabled. Tr. at pp. 15-28. On September 13, 2021, the Appeals Council denied Plaintiff's request for

review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022. Tr. at p. 17. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; obesity; fibromyalgia; and osteoarthritis of the bilateral knees. Tr. at p. 18. Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 19-20. The ALJ then found that Plaintiff has the residual functional capacity to perform sedentary work except that she:

> is further limited to occasionally lifting and carrying ten pounds; can sit for approximately six hours in an eight-hour workday; can stand and/or walk for approximately two hours total in [an] eight-hour workday with normal breaks; can occasionally climb ramps or stairs; can never climb ladders, ropes, or scaffolds; limited to only occasional balancing, stooping, kneeling, crouching, and crawling; and should avoid work at unprotected heights or in conjunction with dangerous machinery.

Tr. at pp. 20-21.

Based on that RFC, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 25. However, the ALJ determined that there were other jobs which exist in significant numbers in the national economy that Plaintiff was capable of performing. Tr. at p. 26. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at pp. 26-27.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff has presented two claims of error for the Court's review. Dkt. No. 11, Pl.'s Mem. of Law at pp. 14-18. Plaintiff asserts that the ALJ erred "in choosing not to consider evidence of record" and by "failing to include limitations caused by nonsevere impairments in the RFC finding." *Id.* In response, Defendant asserts that the ALJ's determination that Plaintiff could perform a range of work despite her impairments was

supported by substantial evidence and free from legal error. Dkt. No. 14, Def.'s Mem. of Law at pp. 2-19.

### A. Consideration of Evidence

Plaintiff argues that the ALJ chose not to consider evidence which supported her claim, pointing to specific parts of the record which she alleges were ignored. Pl.'s Mem. of Law at pp. 14-16. As an initial matter, the Court notes that "an ALJ is not required to discuss every piece of evidence submitted" nor must he "state on the record every reason justifying a decision." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Plaintiff's citation to *Everaert v. Barnhart* for the proposition that "[a]n ALJ must, at least minimally, discuss a claimant's evidence that contradicts the Commissioner of Social Security's position," Pl.'s Mem. of Law at p. 16 (citing *Everaert v. Barnhart*, 2004 WL 903809 (W.D. Wis. Apr. 26, 2004), *report and recommendation adopted in part, rejected in part*, 2004 WL 1446173 (W.D. Wis. June 4, 2004)), fails to persuade the Court otherwise. In this Circuit, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d at 448 (2d Cir. 2012). Of course, in order "[t]o determine whether the [ALJ's] findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983). A review of both the record and the ALJ's decision assures the Court that the evidence in question was in fact considered here.

*1. Consideration of Migraines and Visual Impairment*

Plaintiff contends that the ALJ failed to consider the severity of her migraines and her visual impairment. Pl.'s Mem. of Law at p. 15. ALJ Theurer, however, explicitly identified both impairments at step two in the sequential analysis. *See* Tr. at p. 18. The ALJ determined that both conditions caused no more than a minimal effect on Plaintiff's ability to perform work-related activities and were therefore non-severe. *Id.* To the extent that Plaintiff simply disagrees with the ALJ's severity determination, the Court notes first that Plaintiff "bears the burden of presenting evidence establishing severity." *Henry v. Astrue*, 32 F. Supp. 3d 170, 180 (N.D.N.Y. 2012). "Although the Second Circuit has held that this step is limited to 'screen[ing] out de minimis claims,' *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Id.* (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). An impairment is "not severe" where "the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Id.* (quoting *Rosario v. Apfel*, 1999 WL 294727, at *5 (E.D.N.Y. Mar. 19, 1999)).

The ALJ's determination that Plaintiff's migraines are not a severe impairment is supported by substantial evidence. In support of her assertion of severity, Plaintiff points to only two sources of proof: her own statements, and MRI results. Plaintiff cites to an MRI performed in March of 2019 which showed "mild to moderate nonspecific

8

white matter signal" as evidence supporting the severity of her migraines. Pl.'s Mem. of Law at p. 9 (citing Tr. at pp. 816-817). However, those findings do not appear to conclusively support either the presence or severity of migraines, noting only that while "the pattern is nonspecific the findings can be seen in migraines, chronic ischemic change, demyelination as well as gliosis." Tr. at p. 817. These findings are not accompanied by any explanation as to what impact they may cause for Plaintiff's ability to perform work-related functions, nor has Plaintiff cited to any medical opinion elsewhere in the record which offers such findings.

While Plaintiff also cites to her own hearing testimony regarding the intensity and severity of her symptoms, Pl.'s Mem. of Law at p. 3, it is clear from the ALJ's analysis that he found Plaintiff's reports of pain not entirely supported by the record. *See* Tr. at pp. 21-22 (Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."). That determination is entitled to substantial deference by this Court on review. *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019). "[C]ourts must show special deference to an ALJ's credibility determinations because the ALJ had the opportunity to observe plaintiff's demeanor while [the plaintiff was] testifying." *Id.* (quoting *Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013)). "Thus, a court may not 'second-guess' the ALJ's credibility finding 'where the ALJ identified specific record-based reasons for [his] ruling,' *Stanton v. Astrue*, 370 F. App'x 231, 234

9

(2d Cir. 2010), and where [his] determination is supported by substantial evidence." *Id.* (quoting *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)). The ALJ here has identified specific record-based reasons for finding that Plaintiff's self-reports were not fully supported by the evidence. For example, ALJ Theurer acknowledged Plaintiff's consistent complaints of back and neck pain but noted that "physical examinations have typically returned mild findings" such as normal gait and ambulation, "no reduced sensation, intact reflexes, and no notable lumbar tenderness or swelling." Tr. at p. 22 (citing Tr. at pp. 421, 433, 444, 446 & 581-583). Likewise, while the ALJ noted that Plaintiff "contended with fibromyalgia/inflammatory arthritis" and had been "hospitalized in January 2014 following a flare," her condition had improved since that time and was managed with prescription medication. Tr. at p. 22 (citing Tr. at pp. 359-362, 363-364, 371, 418, 471, 530, 642 & 870). The ALJ properly relied on this objective evidence in the record to assess Plaintiff's credibility, and the evidence cited in his analysis provides a sufficient basis for a reasonable mind to accept his conclusions.

Similarly, Plaintiff's assertion that the ALJ failed to consider the severity of her visual condition is also belied by the record and by ALJ Theurer's detailed analysis. While Plaintiff may disagree with the ALJ's ultimate conclusion, it is clear on review that the severity of this impairment was properly considered. Plaintiff asserts that the ALJ "did not discuss … the significance of Stargardt's disease." Pl.'s Mem. of Law at p. 9. As with Plaintiff's migraines, the ALJ expressly acknowledged the presence of a "disorder of the eye" but found the condition non-severe. Tr. at p. 18. This finding is

supported by substantial evidence. Plaintiff cites to a single treatment note from Mohawk Valley Retina which described changes in Plaintiff's vision as "subtle," Tr. at p. 748, and indicated that continued observation was the only necessary intervention at that time, Tr. at p. 750. Other notes describe "occasional blurriness" and recommend "observation only at this time." Tr. at pp. 740 & 742. While Plaintiff asserts that "[t]his disease usually progresses to blindness in most cases," citing to a printout from Mohawk Valley Retina which appears to contain general information about the disease, Pl.'s Mem. of Law at p. 9 (citing Tr. at p. 386), there is no evidence to suggest that Plaintiff's symptoms have yet progressed to that point. There is also no evidence to indicate what kind of effect these symptoms might have on Plaintiff's ability to work.

Plaintiff has failed to identify any legal error in the ALJ's analysis of these conditions. Instead, she has offered citations to other evidence in the record that in her view tends to support a more restrictive conclusion. However, "disagreement with the ultimate factual determinations that the ALJ drew from this record evidence is not a basis for remand." *Tammy Lynn B. v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 184, 195 (N.D.N.Y. 2019).

### 2. *Opinion from Dr. Anderson*

Next, Plaintiff asserts that the ALJ failed to consider a 2014 opinion from Dr. Anderson, a rheumatologist who provided a certification for Plaintiff's former employer for Family and Medical Leave Act purposes. Pl.'s Mem. of Law at pp. 14-15 (citing Tr. at pp. 352-355). In response, Defendant asserts that even assuming it was error for the

ALJ not to expressly consider the persuasiveness of this evidence, any such error was harmless. Def.'s Mem. of Law at pp. 4-6. Dr. Anderson opined that Plaintiff "has a systemic inflammatory condition causing severe joint pain and stiffness" and that she was "unable to do any lifting or sitting for long periods." Tr. at p. 353. Dr. Anderson indicated that Plaintiff's condition commenced in January of 2014, and indicated that the probable duration was "unclear, possibly 6 months." *Id.* The opinion went on to state that Plaintiff "will hopefully be able to return to work by April 15th, however her situation remains fluid." Tr. at p. 354. Plaintiff does not specify which portion of the opinion would necessitate remand, but instead states that it is "quite similar to the opinions expressed by Dr. McNulty." Pl.'s Mem. of Law at p. 14.

According to the Social Security Regulations, "[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) *and* whether you have one or more impairment-related limitations or restrictions in the following abilities…" 20 C.F.R. § 404.1513(a)(2) (emphasis added). Dr. Anderson's opinion did not offer any details regarding Plaintiff's remaining functional capabilities and so it is unclear whether this report qualifies as a medical opinion under the regulations. Nevertheless, the Court finds it unnecessary to conclusively determine whether the ALJ was required to evaluate the persuasiveness of this opinion, because any such error would be harmless on this record.

Dr. Anderson's opinion was provided on a form from the United States Department of Labor, Wage and Hour Division, entitled "Certification of Health Care

Provider for Employee's Serious Health Condition (Family and Medical Leave Act)." Tr. at p. 359. Under the applicable regulations, a decision by another governmental agency such as the Department of Labor "is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act," and so the ALJ "will not provide any analysis about how [he] considered such evidence in [the] determination or decision, even under § 404.1520c." 20 C.F.R. § 404.1520b(c); *see also* 20 C.F.R. § 404.1504. As the regulations state[1] and as other courts have noted, "the standards and processes for receipt of … leave under the FMLA for a third party is not the same as those by which the Commissioner evaluates whether a claimant is entitled to benefits under the Social Security Act." *Etzkorn v. Berryhill*, 2017 WL 3275985, at *5 (W.D. Ark. Aug. 1, 2017). As a result, Dr. Anderson's opinion is of little evidentiary relevance to the ultimate disability determination that the ALJ was tasked with here. This is particularly true where the opinion itself was rendered many years before the ALJ's decision and stated that the expected duration of the condition at that time was only six months. *See* Tr. at pp. 360 & 362. It is also clear that the ALJ considered the opinion even if he did not specifically articulate how persuasive he found it. *See* Tr. at p. 22 (citing specifically to Dr. Anderson's opinion ("1F") when discussing Plaintiff's past

---

[1] *See* 20. C.F.R. § 404.1504 (noting that the Department of Labor and other agencies "make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules.").

13

hospitalization following a flare of her fibromyalgia). Accordingly, the Court recommends that this does not provide a basis for remand.

### 3. MRI and X-ray Evidence

Plaintiff also asserts that the ALJ failed to consider objective evidence which showed an L4-L5 disc herniation and "central disc protrusions in the cervical spine at the levels of C3 through C7." Pl.'s Mem. of Law at p. 9 (citing Tr. at pp. 697 & 706). Plaintiff cites to progress notes from a March 2020 visit with Dr. McNulty which reference a March 8, 2019 x-ray of the cervical spine, an October 28, 2019 MRI of the lumbar spine, and a March 20, 2019 MRI of the cervical spine. *Id.* Again, there is no requirement that the ALJ explicitly address every piece of evidence in the record, and a review of both the record and the ALJ's decision assures this Court that both conditions were properly considered. The ALJ identified degenerative disc disease of the lumbar and cervical spine as severe impairments but found that the conditions failed to meet or medically equal a listings-level impairment. Tr. at pp. 18 & 20. Nevertheless, the ALJ discussed both diagnoses in detail, noting first that the evidence showed Plaintiff had been diagnosed with degenerative disc disease of both the lumbar and cervical spine. Tr. at p. 22 (citing Tr. at pp. 416, 543-544, 646). The ALJ cited directly to an MRI of Plaintiff's cervical spine performed on March 20, 2019 which showed "mild degenerative disc disease of the cervical spine with straightening of the cervical lordosis and small central disc protrusions." *See* Tr. at pp. 22, 457-458, 802. The ALJ also identified an x-ray of Plaintiff's lumbar spine performed on November 12, 2019, which

showed "mild multilevel degenerative changes." Tr. at p. 22 (citing Tr. at p. 646). Ultimately, the ALJ noted that the record showed Plaintiff "primarily treated her degenerative disc disease with medication and trigger point injections, the latter of which she has undergone infrequently." Tr. at p. 22 (citing Tr. at pp. 576, 659, 799-800). It is clear, therefore, that the ALJ appropriately considered the objective medical evidence related to these conditions.

### B. RFC Findings

Finally, Plaintiff asserts that the ALJ failed to address the limiting effects of non-severe impairments in the RFC. Pl.'s Mem. of Law at pp. 16-17. More specifically, Plaintiff argues that the failure to include limitations related to her visual acuity, time off task, and absenteeism necessitates remand. *Id.* Plaintiff's argument on this point is very limited, pointing only to several symptoms which she alleges were not adequately addressed by the RFC, such as blurriness and strained eyes related to her visual difficulties, and headaches which occur once or twice per week and cause photophobia. *Id.*

ALJ Theurer specifically stated in his analysis that he considered Plaintiff's degenerative disc disease, osteoarthritis, and fibromyalgia "in combination with obesity and the nonsevere impairments" to formulate the RFC. Tr. at pp. 23-24. He acknowledged that these impairments in combination "would arguable reduce [Plaintiff's] ability to stand and/or walk for any more than two hours a day and would also restrict her ability to engage in most postural activities any more than occasionally."

Tr. at p. 23.  He went on to note, however, that "the evidence received at the hearing level also includes a number of physical examinations that have returned findings within normal limits or reflecting mild to moderate, at worst, findings" which "would substantiate no further limitations, other than a restriction … [related to] exposure to hazards."  *Id.*

While there may be evidence in the record to support Plaintiff's claims, the mere existence of contrary evidence alone does not provide a basis for remand.  *See Julie B. v. Comm'r of Soc. Sec.*, 578 F. Supp. 3d 345, 349 (N.D.N.Y. 2022) ("If the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists.").  ALJ Theurer was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order).  "Ultimately it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ."  *Lori M. v. Comm'r of Soc. Sec.*, 2020 WL 7382128, at *4 (W.D.N.Y. Dec. 16, 2020) (internal alteration and citation omitted).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the case **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: December 28, 2022
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge